ARMSTRONG v. BURT.

(Court of Civil Appeals of Texas. Austin. May 10, 1911.)

1. TRIAL (§ 256*) — INSTRUCTIONS — FORM — CONJUNCTION OR DISJUNCTION.

In an action by an executor to set aside a deed of his deceased and to recover real estate alleged to have been purchased by defendant with money given to her by the deceased, and in the alternative to recover such money if no real estate had been purchased therewith, a charge that if the deceased was insane at the time he made the deed and at the time he gave the check to defendant they should find for the plaintiff for the recovery of the property conveyed and for the amount of the check, while conjunctive in form, and requiring the jury to find that the deceased was insane both at the time of making the deed and of giving the check, is not affirmative error where there is no request for a special disjunctive charge.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 628–641; Dec. Dig. § 256.*]

2. APPEAL AND ERROR (§ 1066*)—REVIEW—HARMLESS ERROR—INSTRUCTIONS—APPLICABILITY TO EVIDENCE.

Where the evidence in an action by an executor to set aside a deed made by his deceased and to recover money obtained on a check given by the deceased, or real estate, if any, purchased with the proceeds, on the ground of the deceased's insanity at the time of the making of the deed and check, had no tendency to show that he was insane at the one time and sane at the other, and the plaintiff, complaining of the instruction, asserted in his brief that deceased was insane for a period embracing the entire month in which the transactions occurred, an instruction requiring the jury to find that deceased was insane at the time of both transactions before the plaintiff was entitled to cancel the deed or recover the money is harmless.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 4220; Dec. Dig. § 1066.*]

3. DEEDS (§ 68*)—AVOIDANCE.

A deed cannot be set aside on the ground of insanity unless the grantor was laboring under that incapacity at the time of execution.

[Ed. Note.—For other cases, see Deeds, Cent. Dig. §§ 149–155; Dec. Dig. § 68.*]

4. TRIAL (§ 240*)—INSTRUCTIONS—ARGUMENTATIVE INSTRUCTION.

A charge in an action by an executor to set aside a deed of his deceased on the ground of deceased's insanity that the burden of proof was upon plaintiff to show the existence of insanity at the very time the deed was executed before they could find for plaintiff upon that issue is not objectionable as being argumentative.

[Ed. Note.—For other cases, see Trial, Cent. Dig. § 561; Dec. Dig. § 240.*]

5. TRIAL (§ 207*) — INSTRUCTIONS — PURPOSE AND EFFECT OF EVIDENCE.

A witness in an action by an executor to set aside a deed of his deceased and to recover money or real estate in which money given to defendant by deceased had been invested, on the ground of deceased's insanity, was contradicted in his testimony as to the deceased's in-

sanity, and the court charged that the jury could only consider the evidence of the contradicting witness on the issue of the credibility of the first witness and for no other purpose. *Held* that, as the only purpose for which this contradictory evidence was permissible was the impeachment of the first witness, a charge as to the purpose and effect of the evidence was proper.

[Ed. Note.—For other cases, see Trial, Dec. Dig. § 207.*]

**6. APPEAL AND ERROR (§ 1060*)—REVIEW— HARMLESS ERROR — ARGUMENT AND CONDUCT OF COUNSEL—FAILURE OF COURT TO ACT.**

Where counsel for defendant in an action by an executor to set aside a deed from his deceased to defendant on the ground of the deceased's insanity, asserted that he believed the second will of deceased which plaintiff had stated was executed while the deceased was non compos mentis, was made in favor of the defendant's children, the court's refusal to give a special charge directing the jury to disregard such assertion, is harmless, since it related to matters not in issue.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 4135; Dec. Dig. § 1060.*]

**7. DEEDS (§ 203*)—INSANITY—ADMISSIBILITY OF EVIDENCE—CHANGE IN HANDWRITING.**

In an action by an executor to set aside a deed made by his deceased on the ground of deceased's insanity, evidence tending to show a change in the handwriting of the deceased is properly excluded as irrelevant.

[Ed. Note.—For other cases, see Deeds, Cent. Dig. § 604; Dec. Dig. § 203.*]

**8. TRIAL (§ 56*)—RECEPTION OF EVIDENCE— CUMULATIVE EVIDENCE.**

Where a witness for the plaintiff in an action by an executor to set aside a deed made by his deceased, and to recover other property given by deceased to defendant, was shown to be indebted to deceased's estate, and his failure to pay his indebtedness was criticised by the opposing counsel for the purpose of attacking his credibility, the court's refusal to allow the witness, after this attack, to state why he had not paid the indebtedness, as to which reason he had previously testified, is properly within the court's discretion, since the statement would be cumulative.

[Ed. Note.—For other cases, see Trial, Dec. Dig. § 56.*]

**9. APPEAL AND ERROR (§ 499*)—ADMISSIBILITY OF EVIDENCE—NECESSITY OF SHOWING OBJECTION.**

Where the bill of exceptions shows no objection to the admission of evidence, the court is precluded from considering assignments of error based on the admission of the evidence.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2295–2299; Dec. Dig. § 499.*]

**10. DEEDS (§ 203*)—VALIDITY — ADMISSIBILITY OF EVIDENCE.**

In an action by an executor to set aside a deed of his deceased to defendant and to recover money obtained on a check given by deceased to defendant or the property in which it had been invested, on the ground of deceased's insanity, evidence that defendant's son had worked for the deceased for nearly two years and had been paid nothing for his work is admissible as showing the friendly feeling existing between the grantor and the family of defendant.

[Ed. Note.—For other cases, see Deeds, Dec. Dig. § 203.*]

**11. WITNESSES (§ 140*)—TESTIMONY AGAINST EXECUTOR—RELATIONSHIP OF WITNESS TO PARTY—STATUTE.**

In an action by an executor to set aside a deed made by his deceased to defendant, the daughter of the defendant who is not a party to the action is not prohibited by Sayles' Ann. Civ. St. 1897, art. 2302, from testifying in behalf of defendant as to statements made by the deceased.

[Ed. Note.—For other cases, see Witnesses, Dec. Dig. § 140.*]

**12. DEEDS (§ 203*)—EVIDENCE.**

Where a witness in an action by an executor to set aside a deed made by his deceased to the defendant and to recover money obtained through a check given by deceased or property in which it had been invested, has testified as to what the deceased's grantor had said to him about the deed, his comment on the statement of deceased is properly excluded.

[Ed. Note.—For other cases, see Deeds, Dec. Dig. § 203.*]

Appeal from District Court, Coke County; J. W. Timmins, Judge.

Action by R. S. Armstrong, executor, against L. E. Burt. Judgment for defendant, and plaintiff appeals. Affirmed.

Wright, Wynn & Bartholomew, for appellant. Snodgrass & Dibrell and W. C. Merchant, for appellee.

RICE, J. During the lifetime of J. E. Armstrong, deceased, to wit, on March 21, 1907, he conveyed to appellee certain lots in the town of Robert Lee, upon which was erected a two-story hotel, and gave her on, to wit, March 28, 1907, a check for $2,270 on the San Angelo National Bank, which was afterwards paid to her by said bank. After his death appellant, as executor of his estate, brought this suit to set aside said deed and recover certain other real estate which it was alleged she had purchased with the money so given her by the deceased; and, in the alternative, to recover said money, if it appeared that said property was not purchased therewith. The suit was predicated upon two grounds: First, that at the time of the execution of said deed and check the deceased was an old man, in feeble health, incapacitated to attend to his own affairs, and was unduly influenced by appellee to convey said property and execute said check; and, second, that at the time of the execution and delivery of said deed and check to her he was of unsound mind.

Appellee answered by general and special exceptions, plea of not guilty, general denial and allegations of sanity of the said J. E. Armstrong. She further asserted that said deed was made for a good and valuable consideration and denied that any of the money which she received from the deceased had been invested in any property, as alleged by appellant; and further pleaded that the said Armstrong, on the 1st of July, 1907, by an instrument of writing of that date, ratified and confirmed the conveyance and gift of

money he had previously made to her, with full knowledge of all the circumstances thereof; and likewise pleaded the statute of limitation of two years to that part of appellant's petition seeking a recovery against her for the conversion of said money.

There was a jury trial resulting in a verdict and judgment in favor of appellee, from which this appeal is prosecuted.

[1, 2] The first assignment challenges that part of the charge of the court which, in effect, told the jury that if they believed from a preponderance of the evidence that at the time J. E. Armstrong made the deed conveying the hotel property to Mrs. Burt, and at the time he gave her the check for the money he was insane, or that he was induced to make said deed and draw said check by undue influence exercised over him by Mrs. Burt, then they would return a verdict for the plaintiff for the recovery of said property and the amount of said check, on the ground that it was error to require the jury to find that Armstrong was insane on both said dates before the plaintiff was entitled to cancel the deed or recover the money. It is contended by the appellant that under the court's charge the jury could not find in favor of plaintiff for the amount of the check on the ground that Armstrong was insane at the time he signed it, and then find against plaintiff for the hotel property on the ground that he was sane at the time he made the deed; and, vice versa, could not find for the plaintiff for the hotel and against him on the check; but that the charge required the jury to believe that Armstrong was insane both at the time he executed the deed and at the time he gave the check before they could find for plaintiff for anything, notwithstanding they might believe that he was insane when he signed the check. This charge was not affirmative error. It was the law that before plaintiff could recover on either he would be required to show that his decedent was insane at the time he executed the deed and check. There was no request for a special charge to the effect that if he was sane when the deed was executed, but insane when the check was given, then it was their duty to return a verdict for plaintiff for the money and for the defendant as to the hotel; or that if he was insane at the time the deed was made, and sane at the time the check was given, then to find for the plaintiff as to the hotel, and in favor of the defendant for the money. The defect was one of omission only, and, in the absence of such a special charge it was not error. See Gulf, Colorado & Santa Fé Ry. Co. v. Hill, 95 Tex. 629, 69 S. W. 136; Ry. Co. v. Brown, 78 Tex. 402, 14 S. W. 698; Ry. Co. v. Wood, 69 Tex. 679, 7 S. W. 372. But, apart from this, no such issue was raised by the evidence. The deed is shown to have been made on the 21st of March, and the check was given on the 28th of March, within a week of each other; and while the evidence shows that he was at some times better than at others, there is nothing in the evidence showing, or tending to lead one to believe that he was insane at the one time and sane at the other. But, on the contrary, appellant himself, in another portion of his brief, asserts that the deceased was insane and unable to transact any business for a period of several months, embracing the entire month of March, 1907; for which reason also we think there was no error in the charge given.

[3, 4] The court, at the instance of appellee, charged the jury that the burden of proof was upon the plaintiff to show the existence of insanity at the very time the deed was executed before they could find for appellant upon this issue. It is complained that this charge accentuated the burden of proof. It is unquestionably the law that before a deed can be set aside on the ground of insanity it must appear from the evidence that at the time of its execution the grantor was laboring under said disability. While the charge may have been objectionable on the suggestion that it was argumentative, this point is not raised; and, even if it had been, we do not think the error would have been sufficient to justify a reversal upon this ground.

[5] During the progress of the trial Hennessy, a witness for plaintiff, had testified that he did not tell Rawls that while he was waiting on Armstrong the latter was all right while lying down but crazy when he was sitting up. Rawls contradicted this statement, and the court charged the jury that they could only consider this evidence, if at all, upon the issue of the credibility of the witness Hennessy, and for no other purpose. Appellant insists that this is a charge upon the weight of the testimony. The only purpose for which this evidence was admissible was that of the impeachment of the witness Hennessy, and it was proper for the court to so tell the jury; for which reason the fourth assignment of error, presenting this question, is overruled.

[6] While it may have been improper for appellee's counsel to have asserted that he believed the second will of the deceased, which appellant had stated was executed while the deceased was non compos mentis, was in his (counsel's) opinion made in favor of the defendant's children, still, as the suit was not predicated upon either of said wills and they were therefore not in issue, we are unable to see that any harm could have resulted on account of said remarks and argument of counsel based thereon. For which reason we overrule appellant's assignments complaining that the court erred in refusing to give his special charges directing the jury to disregard said argument.

[7] We do not think that the court erred in excluding the testimony of the witness Hall showing the change in the handwriting of the deceased. We cannot conceive how this

would have thrown any light on his mental condition at the time of the execution of the instruments in question, which was the only issue raised by the pleadings and evidence. For which reason the twelfth assignment, presenting this question, is overruled.

[8] It seems that the witness Rawls, at the time of the death of the deceased, owed his estate a $500 note, all of which had not been paid at the time of the trial, but he was in possession of said note at that time. This witness was shown to have taken considerable interest in the case in behalf of appellant, and his failure to pay said note was criticised by counsel for appellee, not on the ground that the witness had been bribed, as claimed by appellant, but merely for the purpose of attacking his credibility, as appears from the court's explanation to the bill. It is urged that the court erred in refusing to permit said witness to state after this attack, why he had not paid said note; the bill showing that if permitted, he would have testified that he did not do so because he did not want the deceased to get possession of the money in his then condition. This witness had previously testified, as appears from the record, that he did not pay said money to Armstrong because the latter told him that he did not want it, and that he could keep it as long as he lived. We think this was a matter wholly within the discretion of the court, who had the right to refuse to permit this witness to make a second statement as to his reasons for not paying the note; for which reason we overrule the fourteenth assignment of error presenting this question.

[9] Appellant offered to testify that the deceased had said that Mrs. Burt had promised him $25 rent for the hotel, and that he had never received a cent, and was coming out to put her out of the house. The exclusion of this testimony is made the basis of the fifteenth assignment of error.

By the sixteenth assignment appellant urges that the court erred in refusing to permit him to prove by the witness Rawls, on the question of insanity, that J. E. Armstrong said to him that he had never written him a letter requesting payment of the $500 note. The witness having already testified that he had gotten a letter to that effect written by the defendant and signed by J. E. Armstrong just previous to that time, and said denial would show the condition of Armstrong's mind and memory. The bills of exception, however, do not disclose what objection, if any, to the above testimony was made on the part of defendant when offered, for which reason we are precluded from considering the errors assigned. See Grinnan v. Rousseaux, 20 Tex. Civ. App. 19, 48 S. W. 781; Ry. Co. v. Jarrell, 38 Tex. Civ. App. 425, 86 S. W. 632; Ry. Co. v. Dodson, 97 S. W. 524; Linn

v. Waller, 98 S. W. 431; I. & G. N. R. R. Co. v. Holzer, 127 S. W. 1062.

[10] We think it was perfectly competent for defendant to show by her son Jewell Dickey that he had worked for J. E. Armstrong in Sterling county for nearly two years, and that Armstrong had paid him nothing for his work. This was admissible for the purpose of showing the good feeling existing between the deceased and the family of the defendant. For which reason the nineteenth assignment complaining of this matter is overruled.

[11] Birdie Dickey, the daughter of defendant, not being a party to this suit, was not prohibited under article 2302, Sayles' Rev. St. 1897, from testifying in behalf of her mother as to certain statements made by the deceased, for which reason the twenty-third assignment is overruled.

[12] There was no error in refusing to allow the witness Rawls to testify to his own comment on what the deceased had said to him in answer to his question about Merchant's having fixed up the papers conveying the property to Mrs. Burt. It appears from the bill and from the record that the witness was allowed to testify all that Armstrong stated to him on his subject, but his comment on what Armstrong had stated was excluded, in which we think there was no error. The thirtieth assignment is therefore overruled.

The remaining assignments question the sufficiency of the evidence to support the verdict. It is true that there is a conflict in the testimony; but, after a careful consideration of the entire record, we are not prepared to say that the evidence is insufficient to support the verdict.

Believing that no reversible error has been shown, the judgment of the court below is affirmed.