### GAAL v. CAMP.

(Court of Civil Appeals of Texas.    El Paso. March 12, 1914.)

1. APPEAL AND ERROR (§ 499*)—PRESENTING QUESTIONS IN LOWER COURT—OBJECTIONS TO EVIDENCE.

Where the bills of exception fail to disclose an objection to the introduction of evidence, the action of the trial court in relation thereto cannot be reviewed.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2295–2298; Dec. Dig. § 499.*]

2. ADVERSE POSSESSION (§ 90*)—PAYMENT OF TAXES—PROPERTY ASSESSED.

The five-year statute of limitations does not apply where it appears that the land which has been rendered for taxation, and upon which the taxes have been paid, is not the particular land for which the suit was brought.

[Ed. Note.—For other cases, see Adverse Possession, Cent. Dig. §§ 517–519; Dec. Dig. § 90.*]

Appeal from District Court, El Paso County; A. M. Walthall, Judge.

Action by I. G. Gaal against H. D. Camp. Judgment for defendant, and plaintiff appeals. Affirmed.

Stanton & Weeks, of El Paso, for appellant. McBroom & Scott, of El Paso, for appellee.

HIGGINS, J. This was a suit in trespass to try title, instituted by the appellant to recover 1.7 acres of land situated in the San Elizario grant in El Paso county. The premises in controversy are part of a subdivision of the San Elizario grant known as survey No. 122. The description contained in appellant's deeds embraces the land in controversy.

[1] The first two assignments relate to the exclusion of evidence. The bills of exception fail to disclose the objection made to its introduction, and for this reason the action of the trial court in regard thereto cannot be reviewed. Railway Co. v. Jarrell, 38 Tex. Civ. App. 425, 86 S. W. 632 (writ of error refused); Grinnan v. Rousseaux, 20 Tex. Civ. App. 19, 48 S. W. 58, 781 (writ of error refused); Bank v. Smith, 160 S. W. 311; Railway Co. v. Holzer, 127 S. W. 1062 (writ of error refused); Bank v. Pearce, 126 S. W. 285; Porter v. Langley, 155 S. W. 1042; Railway Co. v. Wishert, 89 S. W. 460; McBane v. Angle, 29 Tex. Civ. App. 595, 69 S. W. 433; Browne v. Brick, 56 S. W. 995; Railway Co. v. Dodson, 97 S. W. 523; Linn v. Waller, 98 S. W. 430; Railway Co. v. Blocker, 138 S. W. 156; Armstrong v. Burt, 138 S. W. 172; Howard v. McBee, 138 S. W. 450.

The remaining assignments of error complain that the court erred in rendering judgment for the defendant, because the undisputed evidence discloses that plaintiff had title thereto by virtue of the five and ten year statutes of limitation. The evidence in the case has been carefully reviewed, and it clearly establishes the fact that there has not been such continuous and adverse possession as is necessary to support the statutes of limitation.

[2] As to the claim under the five-year statute, it may be further remarked that this is not well taken, because the premises sued for are situate in subdivision No. 122, whereas the land which appellant has been rendering for taxation and paying taxes upon, according to the assessment rolls and tax receipts which he offered in evidence, is situated in survey No. 121. It therefore appears that he has not been assessing and paying taxes upon the particular land for which he sues.

Finding no error, the judgment is affirmed.