### GEORGE W. SAUNDERS LIVE STOCK COMMISSION CO. v. KINCAID et al. (No. 7986.)

(Court of Civil Appeals of Texas. Ft. Worth. May 30, 1914. Rehearing Denied July 4, 1914.)

1. SALES (§ 38*)—MISREPRESENTATIONS—EXPRESSIONS OF OPINION.

A statement by a salesman of a seller of live stock, that hogs loaded in cars were good stock, sound, and free from disease, made to a prospective buyer taken to where the hogs were, was not an expression of opinion, but a representation of fact, and the prospective buyer, relying thereon and purchasing the animals, could sue for the falsity of the statement.

[Ed. Note.—For other cases, see Sales, Cent. Dig. §§ 65–77, 85; Dec. Dig. § 38.*]

2. APPEAL AND ERROR (§ 499*) — QUESTIONS REVIEWABLE—EXCLUSION OF TESTIMONY.

A bill of exceptions taken to the exclusion of testimony, which does not show what objections were made and sustained, cannot be considered.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2295–2298; Dec. Dig. § 499.*]

3. EVIDENCE (§ 314*)—HEARSAY EVIDENCE.

In an action by a buyer of animals for the seller's misrepresentations of soundness, the testimony of a witness that no complaint as to disease among the animals had been made by packing houses purchasing them was properly excluded as hearsay.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 1168–1173; Dec. Dig. § 314.*]

4. APPEAL AND ERROR (§ 501*) — QUESTIONS REVIEWABLE—RULINGS ON INSTRUCTIONS.

Acts 33d Leg. c. 59, defining the time and manner of submitting instructions and making exceptions thereto, prescribes the method for reviewing the trial court's action in giving or refusing charges; and the matter must be proved by a proper bill of exception taken at the time.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2300–2305; Dec. Dig. § 501.*]

Appeal from District Court, Tarrant County; Marvin H. Brown, Judge.

Action by A. H. Kincaid against the George W. Saunders Live Stock Commission Company and another, in which Armour & Co. was made a party. From a judgment for plaintiff against defendant the George W. Saunders Live Stock Commission Company, and in favor of defendant Womble and Armour & Co. against plaintiff and the Stock Commission Company, the Stock Commission Company alone appeals. Affirmed.

Jas. C. Scott, of Ft. Worth, for appellant. Roy, Rowland & Young, Theodore Mack, Capps, Cantey, Hanger & Short, and W. L. Evans, all of Ft. Worth, for appellees.

SPEER, J. A. H. Kincaid filed this suit against the George W. Saunders Live Stock Commission Company and J. A. Womble for loss and damage on 220 hogs purchased of them; the plaintiff's petition alleging that the hogs were diseased when he bought them. It was alleged that defendants had represented the hogs to be sound, and that plaintiff had relied on such representations, and, upon discovering the diseased condition of the hogs, had shipped them back to the defendant, demanding the return of $1,720 he had paid for them. The plaintiff further alleged that the defendant George W. Saunders Live Stock Commission Company had resold the hogs to Armour & Co. for less than they were worth, and had wrongfully withheld $218.50 of the price for which the hogs were resold to Armour & Co. Armour & Co. was made a party at the instance of defendant George W. Saunders Live Stock Commission Company, and pleaded that the correct amount due for the loss in the hogs resold to it was $122.44, and prayed judgment for that amount then in the possession of the George W. Saunders Live Stock Commission Company. A jury trial resulted in a judgment in favor of the plaintiff against the George W. Saunders Live Stock Commission Company for $771.15; in favor of defendant Womble and in favor of Armour & Co. for $122.44 against the plaintiff and the defendant George W. Saunders Live Stock Commission Company. The George W. Saunders Live Stock Commission Company alone appeals.

[1] The first assignment of error complains that the court erred in overruling appellant's general and special demurrers to the plain-

tiff's petition. This is objected to, and under numerous decisions must be held to present no error save, possibly, the court's action in overruling the general demurrer. Upon this point the proposition is asserted by implication, at least, that the representations of appellant and its agent as to the soundness of the hogs was the expression of an opinion merely, and as such did not amount to a warranty. The statement submitted under this assignment, however shows that:

"Plaintiff alleged that when he reached Ft. Worth he was met by the employé and agent of defendants, and was taken by said salesman to where the hogs were loaded in cars for shipment, and said salesman then and there represented to plaintiff that said hogs were good stock, well, sound, and free from disease, and this plaintiff, relying on said representations by reason of former business relations purchased and paid for 220 hogs."

It is obvious that the statements there alleged constituted representations of fact, and not mere expressions of opinion. So that, in so far as the general demurrer is concerned, the court ruled properly.

[2, 3] The second assignment of error complains of the ruling of the court in refusing to permit the witness Womble to answer whether or not there had been any complaint by the packing companies, or inspectors, or officials, of any sickness or disease among the hogs sold to the packing companies; appellant offering to show in the same connection that the hogs sold to the packing companies were out of the same lot of hogs from which appellee's 220 were taken. It is nowhere shown in the brief nor indeed in the bills of exceptions taken to the exclusion of the testimony what objections were made and sustained to the testimony. This itself is fatal. Gaal v. Camp, 164 S. W. 1070. Aside from this, however, we do not think it would be permissible merely to show that no complaint as to diseases among the hogs had been made by the packing houses purchasing them. That complaint was or was not made would appear to be pure hearsay. It perhaps would be permissible to show by witnesses who knew the facts that other hogs contained in the shipment with those in controversy were or were not affected with disease; but this is altogether another question.

[4] The third, fourth, and eighth assignments are grouped, and each complains of a charge given or refused by the court. Objection is made that the assignments are improperly grouped, and that no proper bills of exception were taken to the court's rulings with respect to the matters complained of. We have recently had occasion to construe the recent act of the Thirty-Third Legislature (page 113) prescribing the method for reviewing the court's action in giving or refusing charges, and have held that such matter must be proved by a proper bill of exception taken at the time. See Heath v. Huffhines, 168 S. W. 974 (No. 7936), by this court, not yet officially published. These assignments are therefore overruled.

For the same reason, we cannot consider the seventh, ninth, and eleventh assignments of error; each complaining of the court's action in giving or refusing charges affecting appellees Womble and Armour & Co. The court summarily instructed a verdict for Armour & Co. in the sum of $122.44, and no exception was taken to this charge. We have carefully considered the facts submitted by appellant in his statements submitted under the twelfth, thirteenth, and fourteenth assignments complaining of the judgment, and are clearly of the opinion that they are sufficient to support the verdict and judgment.

There is no error in the record, and the judgment is affirmed.