**CRAWFORD v. RAMSEY et al.**

No. 2582.

Court of Civil Appeals of Texas. Beaumont.

June 25, 1934.

Rehearing Denied June 30, 1934.

N. B. D. Bailey and E. B. Lewis, both of Center, for appellant.

Anderson & Anderson and Davis, Avery & Wallace, all of Center, for appellees.

O'QUINN, Justice.

Appellant as plaintiff below filed this suit in the district court of Shelby county against A. M. Ramsey, administrator of the estate of Mattie L. Tippin, deceased, and J. B. Sample, sheriff of Shelby county, Tex., alleging that

he was the owner of certain land situated in Shelby county; that J. B. Sample, said sheriff, by virtue of an execution and order of sale issued out of and by virtue of a judgment in cause No. 9427, rendered in the district court of said Shelby county, had, at the instance of appellee Ramsey, levied upon said property and had advertised same for sale; that said judgment, prior to the death of said Mattie L. Tippin had been released and paid by mutual deeds from and to said Mattie L. Tippin, to and from said W. S. Crawford, appellant; that, unless appellees were restrained, they would sell said land under said process; and prayed for injunction to restrain same.

Temporary writ of injunction was granted and issued on February 6, 1933, and hearing set for March 7, 1933. Service of the writ on appellees was duly had.

Appellee J. B. Sample, sheriff, answered by general demurrer and general denial.

Appellee Ramsey answered by general demurrer, general denial, and specially denied the delivery and acceptance of the alleged deed from W. S. Crawford to Mattie L. Tippin; pleaded non est factum as to the execution and delivery of the alleged deed from Mattie L. Tippin to W. S. Crawford; alleged that the judgment in cause 9427 in the district court of Shelby county was still a valid, subsisting, and unsatisfied judgment; and asked that the said alleged deeds from W. S. Crawford to Mattie L. Tippin, and from Mattie L. Tippin to W. S. Crawford, if any such deeds there were, be canceled and that the temporary injunction be dissolved.

At the conclusion of the evidence appellant moved for an instructed verdict, which was refused. The case was then tried to a jury upon special issues, in answer to which the jury found (a) that the alleged deed from W. S. Crawford and his wife, Myra Crawford, to Mattie L. Tippin was not delivered to said Mattie L. Tippin; (b) that the alleged deed from W. S. Crawford and his wife, Myra Crawford, to Mattie L. Tippin was not accepted by said Mattie L. Tippin; (c) that Mattie L. Tippin did execute the alleged deed from her (said Mattie L. Tippin) to said W. S. Crawford; (d) that said alleged deed from Mattie L. Tippin to W. S. Crawford was not delivered by the grantor Mattie L. Tippin to the grantee W. S. Crawford.

Upon the answers of the jury, judgment was entered denying plaintiff's prayer for permanent injunction, dissolving the temporary injunction theretofore granted, and canceling the alleged deed from Mattie L. Tippin to appellant W. S. Crawford and also canceling the purported deed from appellant W. S. Crawford and his wife, Myra Crawford to said Mattie L. Tippin. From that judgment appellant has appealed.

Appellant's first assignment of error reads: "The trial court committed error in submitting in his main charge to the jury, Special Issue Number One."

The propositions under this assignment are:

"(a) It is error for the trial court to submit an issue to the jury which has not been raised by the evidence.

"(b) It is error for the trial court, even though an issue may be raised by the evidence, to submit the same in such a way and form which places the burden of proof upon the party who does not have said burden.

"(c) It is error for the trial court to submit an issue to the jury which is purely a question of law."

The second assignment of error reads: "The trial court committed error in submitting in his main charge to the jury, Special Issue Number Two."

The propositions under this assignment are:

"(a) It is error for a trial court to submit an issue to the jury which is undisputed and not raised by any testimony.

"(b) It is error for the trial court to submit an issue to the jury in the way, manner and form which shifts the burden of proof and is calculated to mislead the jury in determining as to who has the burden of proof."

The third assignment of error reads: "The trial court committed error in submitting in his main charge to the jury, Special Issue Number Three."

There is no proposition under this assignment. Appellant requests that the propositions, argument, and authorities under the second assignment, supra, be considered as offered under this assignment.

The fourth assignment reads: "The trial court committed error in submitting in his main charge to the jury, Special Issue Number Four."

There is no proposition under this assignment; appellant requesting that the propositions, argument, and authorities under the second assignment, supra, be considered as offered under this assignment.

■ An inspection of the above assignments of error shows each of them to be but the statement of an abstract proposition of

law. Neither of them anywhere points out any error, nor do they refer for any purpose to any portion of the record to make certain any matter complained of. Assignments of error must distinctly point out the error complained of, and, failing to do so bring up nothing for consideration. The assignments are insufficient.

The fifth assignment reads: "The trial court committed error in allowing the defendants to offer in evidence, over the objections of the plaintiff, certain purported copies of letters purportedly to have been written by W. I. Davis, one of the attorneys for the defendant to the plaintiff, without first showing the absence of the originals and without making timely demand upon plaintiff to produce the originals, if he had any in his possession. (S. F. pages 63, 65, 67, 69, 72, 74, 147, 150, 153.)"

The proposition under this assignment is: "It is error for the trial court to allow copies, or secondary evidence, to be admitted before the jury, until a proper predicate has been laid for the introduction thereof, and until the absence of the original has been accounted for."

There is no formal bill of exceptions in the transcript bringing up the ruling of the court on the admission in evidence of the copies of the letters to which objection was made. This is necessary unless under article 2239, R. S. 1925, as amended by Acts 1931, 1st Called Sess. c. 34, § 3 (Vernon's Ann. Civ. St. art. 2239), the statement of facts in question and answer form discloses that, when the evidence was offered, it was objected to, and an exception reserved to the ruling of the court on such objection. We presume that appellant, by the parenthetical expression "(S. F. pages 63, 65, 67, 69, 72, 74, 147, 150, 153)" following the fifth assignment of error, supra, intended to refer us to those portions of the statement of facts which would show the matters objected to, the rulings of the court on his said objections, and the exceptions reserved to such rulings, but, when we refer to same, we find only the copies of the letters introduced, no objections, rulings of the court on objections, or reservations of exceptions to any such rulings appearing. We are not called upon to search other pages or parts of the statement of facts to locate such objections or exceptions, if any. No statement from the record of the facts or proceedings supporting the assignment is made, and so it is insufficient and presents nothing for correction.

Again, the letters referred to were not the basis of appellees' defense, but were merely proof of a collateral fact bearing thereon; therefore it was not necessary to account for the original letters. The best evidence rule does not apply in the proof of collateral matters which do not form the foundation of the cause of action or defense, and such matters may be proved by secondary evidence without showing inability to procure the best evidence. 22 C. J. 978 (and authorities cited, footnote No. 74); 17 Tex. Jur. § 190, pp. 488–490; Heidenheimer v. Beer (Tex. Civ. App.) 155 S. W. 352 (writ refused).

Furthermore, one of the original letters written by the attorney of Mrs. Tippin to appellant together with appellant's answer thereto written on the back of the letter was introduced. All of the letters pointed to the same thing—the settlement of the judgment by the execution of certain instruments acceptable to appellant—and furthermore, appellant, in response to said letters and to personal communications from said attorney to appellant directly concerning the arrangement to settle said judgment, went to the attorney's office and personally discussed the matter about which the letters were written, as a result of which said attorney prepared the instruments, the deeds in question, and delivered them to appellant for him to execute together with his wife and to have Mrs. Tippin to execute, but which execution was delayed, and about which delay and the final disposition of the judgment the letters were written to appellant. Moreover, other testimony, especially that given by the attorney for Mrs. Tippin, covering the matters mentioned in the letters to appellant, was given and not objected to by appellant, all of which rendered the error, if any, in admitting the copies of said letters in evidence harmless.

The sixth assignment complains that the court erred in permitting the witness Virginia Nelson to testify over the objections of appellant relative to conversation between Mrs. Tippin and Dr. Carter and appellant, W. S. Crawford, the night before Mrs. Tippin died the next morning, because the said witness was prohibited from testifying under article 3716, R. S. 1925; said witness not having been called by appellant, and said witness having an interest in the estate of Mrs. Tippin.

Appellee A. M. Ramsey was a nephew of Mrs. Tippin and was the duly acting administrator of her estate. He was a brother of the witness Virginia Nelson, who was a niece

of Mrs. Tippin. She (Virginia Nelson) was not a party to the suit. The assignment is overruled. She was not disqualified to testify. Article 3716, R. S. 1925; King v. King's Unknown Heirs (Tex. Com. App.) 34 S.W.(2d) 804; Watson v. Watson (Tex. Civ. App.) 229 S. W. 899; Armstrong v. Burt (Tex. Civ. App.) 138 S. W. 172.

■ The contention that the court erred in admitting in evidence certain checks against the bank account of Mrs. Tippin is without merit. They were offered for the purpose of comparing signatures on the issue of the execution of a certain deed alleged to have been executed by Mrs. Tippin. At the request of appellant their admission was restricted to this very purpose.

■ The eighth assignment complains of a matter, remarks of counsel, to which the record fails to show any objections were made or any exceptions taken. In the absence of exception the matter is not before us for consideration. The suggestion that the point presented is fundamental and should be considered as going to the whole case is not sound.

The ninth assignment urges that the only essential fact in the case upon which a judgment could be based was found by the jury in appellant's favor; wherefore it was error to render judgment against him. This contention is based upon these facts. Mrs. Mattie L. Tippin sold appellant, Crawford, two parcels of land taking vendor lien notes in payment. The notes were not paid, in fact no part of the principal was paid, and not all of the interest. After the notes became due, Mrs. Tippin had suit filed for judgment on the notes and for foreclosure of the vendor's lien. Appellant, though duly cited, did not answer, and on November 3, 1931, default judgment was rendered against him for the sum of $2,548.84 and for foreclosure of the vendor's lien on the land. After the judgment was rendered, negotiations looking to settlement of the judgment were begun between Hon. W. I. Davis, attorney for Mrs. Tippin, and appellant, Crawford. Crawford could not pay off the judgment, but wanted to retain the land, and, both parties desiring to save costs of advertising and sale of the land under the judgment of foreclosure, an agreement was consummated by the terms of which appellant, W. S. Crawford, and his wife, Myra Crawford, were to execute a deed conveying the land back to Mrs. Tippin, and Mrs. Tippin, on certain conditions and for certain considerations, was to reconvey the land to W. S. Crawford. When this agreement was reached, said attorney drew up both instruments, the deed from W. S. Crawford and wife, Myra Crawford, to Mrs. Tippin, and the contract of conveyance from Mrs. Tippin reconveying the land to W. S. Crawford on certain conditions and upon certain considerations, this last instrument to be executed in triplicate, one copy to be retained by W. S. Crawford, one by Mrs. Tippin, and one by the attorney W. I. Davis, and on March 4, 1932, mailed the instruments to Crawford for execution. Mrs. Tippin lived with W. S. Crawford and his family at or in the old Tippin home. Crawford did not return the papers executed, as it was agreed, to Davis, and the letters heretofore referred to from Davis to Crawford were urging him to carry out the agreement by executing and having executed the instruments and returning same to Davis. The matter remained in this state until September 6, 1932, when said attorney, Davis, again wrote Crawford insisting that the matter be closed up. No reply was received to this letter. Mrs. Tippin died on September 8, 1932. The deeds were filed by appellant for record on September 12, 1932. The deed from Crawford and wife bore date the ——— day of March, 1932, but the acknowledgment was dated June 21, 1932. The contract of conveyance from Mrs. Tippin to Crawford bore date of June 21, 1932, and was acknowledged the same day. Both instruments were filed for record September 12, 1932.

In response to the pleadings, the court submitted special issues to the jury, as before stated, in answer to which they found that the deed from Crawford and wife to Mrs. Tippin was not accepted by her and that such deed was not delivered to her. They found that Mrs. Tippin executed the deed from her to Crawford, that she signed such deed, but further found that said deed was not delivered to appellant.

■■ Appellant contends that, the jury having found that Mrs. Tippin executed the deed from her to him, and the deed having been found in his possession, it should be presumed as a matter of law, that it was duly executed to him, and therefore judgment should have been for him. It is true that the facts raised a presumption of delivery, but this presumption was subject to rebuttal, and that issue was submitted to the jury, and they found that the deed had not been delivered. 14 Tex. Jur. § 68, p. 831. We think the record abundantly supports this finding. We shall not set out or at length discuss the evidence that we think amply supports this finding, but will mention a few of the circum-

stances. Appellant agreed with the attorney for Mrs. Tippin upon the plan of settling the judgment. In pursuance of this agreement the attorney drew the instruments and mailed them to appellant for execution and the return of the one from Mrs. Tippin to appellant to said attorney. Appellant failed to complete the undertaking as agreed, but from time to time delayed the execution of the papers. This continued right up to the time of Mrs. Tippin's death on September 8, 1932. Four days after her death, September 12, 1932, the papers were filed for record by appellant showing to have been executed and acknowledged on June 21, 1932. No explanation of why, if the instruments were actually executed on that date, their execution should have been kept secret until after her death, and then filed without notice to her attorney as agreed, is shown. Also it was shown that Mrs. Tippin was not at the home of Mr. Crawford on the date, June 21st, that he insists she was there, and that the instruments were executed and delivered. Nor was she there the day before or for several days thereafter, but was at a neighbor and kinsman's home several miles away. And, on the night of the 7th of September, before Mrs. Tippin died on the next morning, it was shown without dispute that appellant, Crawford, was at the death bedside of Mrs. Tippin, in the presence of several disinterested witnesses, when the doctor had advised Mrs. Tippin that she was going to die, and that, if she had any matters she wished settled, she had better attend to them, he (appellant) then and there asked her what was she going to do about the judgment she had against him, did she want it to stand. We think this fact alone was sufficient to show that she had not on June 21st before done away with said judgment by accepting a reconveyance of the property from appellant, and then reconveying the property back to appellant. But, this fact considered together with other facts and circumstances, some of them set out above, amply support the finding of the jury that, although she may have at some time signed the deed conveying the property to appellant, she had never delivered same to him. The assignment is overruled. 14 Tex. Jur. § 71, p. 834.

·The contention that the findings of the jury were so conflicting as to destroy each other and so would not support the judgment is without merit. There is no conflict in the findings.

No reversible error being shown, the judgment is in all things affirmed. ·